## IN THE U.S DISTRICT COURT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| JASON HAUK & FREDDY VELAZQUEZ )<br>on behalf of themselves )<br>and others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**LVNV FUNDING LLC,** )<br>)<br>**Defendant.** )<br>) | Case No. 1:09-cv-03238-CCB<br><br>JURY TRIAL DEMANDED |

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Jason Hauk ("**Hauk**") and Freddy Valazquez ("**Velazquez**"), individually and on behalf of all Maryland residents similarly situated; by their attorneys Scott C. Borison and Phillip R. Robinson of the Legg Law Firm, LLC, Douglas B. Bowman, and Peter A. Holland and Michael Gregg Morin of The Holland Law Firm, P.C.; sue Defendant LVNV Funding, LLC ("**LVNV**"), and state:

1. This case arises from a systematic, intentional, and predatory debt collection activities of Defendant LVNV Funding LLC against vulnerable Maryland consumers without the mandatory, license required by the State of Maryland.

2. The Defendant LVNV allegedly acquires consumer debts in default for pennies on the dollar and then proceeds to try to collect the debt by filing lawsuits before Maryland courts when it does not have the mandatory, legal authority to do so—thus (i) skirting the requirements easily complied with by hundreds of other similarly situated bona fide collection agencies in Maryland and (ii) avoiding the mandatory protections intended for Maryland consumers by the legislature and regulatory authority. In the lawsuits, LVNV provides documents and affidavits in support of the

1

collection actions which do not comply with federal debt collection laws.

3. The non-partisan Government Accounting Office (GAO) recently summarized public enforcement of this kind of scheme as follows:

> our analysis of information provided by the National Association of Attorneys General found at least 60 enforcement actions were taken by state attorneys general against debt collection companies from January 2006 through May 2009, of which 28 involved or may have involved the collection of credit card debt. These actions alleged a variety of illegal debt collection practices, such as deducting money from consumers' bank accounts without authorization, **operating in states without proper licenses**, and refusing or failing to provide consumers with proof of their debts. Generally, state attorneys general either negotiated a settlement with the debt collection company or brought a court action against the company. Settlements included penalties such as refunds to consumers, cancellation of consumers' debts, civil penalties, and injunctive relief aimed at preventing future collection violations.
>
> GAO Report, Fair Debt Collection Practices Act Could Better Reflect the Evolving Debt Collection Marketplace and Use of Technology, September 2009 (available at http://www.gao.gov/new.items/d09748.pdf) at Pages 38-39 (emphasis added).

## JURISDICTION AND VENUE

4. This civil action was initially filed in the Circuit Court for Frederick County, Maryland on 27 October 2009 and was removed to this Court by the Defendant, LVNV.

5. Supplemental jurisdiction for the State law claims arises under 28 U.S.C. § 1367.

6. Declaratory and injunctive relief are available pursuant to 28 U.S.C. §§ 2201 and 2202, Md. Code Ann., §§ 3-401 – 3-415, and Fed. R. Civ. P. 23.

7. Venue in this District is proper in that the Defendant transacts business within the District and the conduct complained of occurred in the District.

## PARTIES

8. Plaintiff, Jason Hauk ("Hauk"), is a Maryland resident and consumer. Hauk's address is 9237 Oppossumtown Rd., Frederick, MD 21702.

9.  Plaintiff, Freddy Velazquez ("Velazquez"), is a Maryland resident and consumer. Velazquez's address is 3523 Urbana Pike, Frederick MD 21704.

10. The Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company. LVNV collects on consumer debts. The debts that are pursued by LVNV are debts that have been allegedly acquired by LVNV, or LVNV is the servicer, after the debts are in default and are no longer, in many instances, legally enforceable obligations.

11. LVNV has not obtained a license to act as a debt collection agency in the State of Maryland.

12. Defendant LVNV is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

13. Defendant LVNV is a "collector" as defined by the Maryland Consumer Debt Collection Act ("MCDCA"), Maryland Annotated Code, Commercial Law Article, § 14-201(b).

## FACTUAL ALLEGATIONS RELATING TO THE NAMED PLAINTIFFS

**PLAINTIFF HAUK**

14. LVNV filed a law suit against Hauk in 2008 relating to an alleged debt that was charged off and in default. The law suit was filed in the District Court of Maryland for Frederick County, Maryland, Case No. 110100021422008 on May 9, 2008 (Hauk State Action).

15. The Hauk State Action sought to collect a consumer debt which was allegedly purchased by LVNV prior to May 9, 2008 at a time when the debt was in default.

16. The Hauk State Action included an affidavit submitted by an authorized representative of LVNV stating that there was an amount owed to LVNV from Hauk.

17. The Hauk State Action was a direct or indirect attempt by LVNV to collect a debt from Hauk.

18. At no time did LVNV provide Hauk with a written notice that he had the right to request verification of the debt, dispute the debt or the other notices required by the FDCPA, 15

3

U.S.C. § 1692g.

19. In the the Hauk State Action, the Defendant served interrogatories on Hauk in March, 2009. The Defendant failed to include the notices required by the FDCPA with these interrogatories.

20. At trial in the Hauk State Action, the District Court of Maryland for Frederick County, Maryland entered judgment against LVNV and in favor of Hauk on July 27, 2009. LVNV took no appeal from that judgment.

### PLAINTIFF VELAZQUEZ

21. LVNV filed a law suit against Velazquez on July 30, 2009 relating to an alleged consumer debt. The law suit was filed in the District Court of Maryland for Frederick County, Maryland, Case No. 110100045662009 ("Velazquez State Action").

22. The Velazquez State Action sought to collect a consumer debt which was purchased by LVNV prior to July 30, 2009 at a time when the debt was in default.

23. The Velazquez State Action included an affidavit of an authorized representative of LVNV stating that LVNV had the right to collect the amount sought in the lawsuit from Velazquez.

24. The Velazquez State Action was a direct or indirect attempt to collect a debt from Velazquez.

25. The Velazquez State Action was dismissed by the court on or about November 16, 2009 after Velazquez noticed the court and all parties of his intention to defend the lawsuit.

26. As a result of Defendant's illegal collection actions in the Velazquez State Action and Hauk State Action, Hauk and Velazquezhave each suffered damages including but not limited to: (i) fees incurred to retain attorneys to defendant against Defendants' illegal debt collection lawsuit; (ii) damage to credit by having an illegal lawsuit identified in public records against

4

them and through reports to the various credit bureaus on behalf of the Defendant; and (iii) emotional damages manifested by embarrassment, stress, sleeplessness, etc. Class members have incurred similar damages.

27. Under MD. ANN. CODE, BUS. REG. § 7-301, a person must have a license to do business as a collection agency in the State of Maryland.

28. The Maryland Commissioner of Financial Regulation has clearly stated the state regulator's position regarding the legal requirements under Maryland law for a person who acquires consumer debt after default and files lawsuits in Maryland to collect the debt:[1]

> … 4. The position of the Agency is that, unless otherwise exempt, a person who brings actions in Maryland State courts to collect consumer claims which were acquired when the claims were in default is knowingly and willfully doing business as a "collection agency" in the State under [Bus. Reg.] § 7-101(c). This includes, but is not limited to, the named Plaintiffs in such judicial actions, which will normally be the owners of the consumer debt.
>
> 5. Thus the Agency's position is that a Plaintiff in a Maryland State court action brought to collect a consumer claim which was acquired when the claim was in default is required to be licensed as a collection agency under MCALA, and is subject to the regulatory authority of the Agency in the conduct of that litigation.
>
> 6. The position of the Agency is that a person who brings judical actions in Maryland State courts to collect consumer claims which were acquired when the claims were in default also meet the definition of "collector" under CL § 14-201(b) of the Maryland Consumer Debt Collection Act ("MCDCA," at Commercial Law Article ("CL"), § 14-201 *et seq.*, Annotated Code of Maryland) and of "debt collector" under 15 U.S.C. § 1692(a) of the Fair Debt Collection Practices Act ("FDCPA," at 15 U.S.C. § 1692, *et seq.*). …

---

[1] *In the Matter of: Midland Funding, LLC, et al.,* Before the Maryland State Collection Agency Licensing Board in the Office of the Commissioner of Financial Regulation, DFR-FY-2010-063.

29. LVNV is not licensed by Maryland as a "collection agency" and has not been licensed during all relevant periods related to this action.

30. Every collection effort in Maryland by LVNV, including each and every civil action filed in Maryland courts and each and every judgment lien filed in Maryland, is an unfair and deceptive trade practice.

31. Every collection effort in Maryland by LVNV, including each and every civil action filed in Maryland and each and every judgment lien filed in Maryland, is a violation of the Maryland Consumer Debt Collection Act.

32. Every collection effort in Maryland by LVNV, including each and every civil action filed in Maryland and each and every judgment lien filed in Maryland, is a violation of the Maryland Consumer Protection Act.

33. Defendant has and continues to act as a debt collection agency in Maryland including various collection activities and attempts to obtain judgments in Maryland courts against Hauk and Velazquez and the class members.

34. Defendant's actions as a debt collection agency against Named Plaintiffs and all class members have been without a mandatory, state license as a "collection agency" by the Maryland Commissioner of Financial Regulation.

35. Defendant willfully and knowingly acted as a debt collection agency in Maryland without a license.

36. Given its unlawful actions, Defendant will not qualify for a license to act as a debt collection agency in Maryland.

CLASS ALLEGATIONS

37. Plaintiffs bring this complaint on behalf of a class of all other persons similarly situated.

38. The class is comprised of all persons in the State of Maryland, who within three years prior to the filing of the initial complaint, were contacted by the Defendant in connection with any effort to collect a debt.

39. Plaintiffs estimate the class to consist of 6,400 persons.

40. There is an FDCPA subclass consisting of any class member, who within one year prior to the filing of the initial complaint, were contacted by the Defendant in connection with any effort to collect a debt.

41. Plaintiffs estimate the size of the subclass to consist of 2,800 persons.

42. The class is so numerous as to make it impracticable to join all members of the class.

43. There are questions of law and fact which are common to all members of the class, including:

   a. Whether the Defendant has acted as a debt collection agency in the State of Maryland;

   b. Whether the Defendant is licensed to act as a debt collection agency in Maryland;

   c. Whether the Defendant failed to provide notices required by the Fair Debt Collection Protection Act;

   d. Whether the Defendant threatened or took actions that it had no right to take under federal and state law;

   e. Whether the defendant should be enjoined from continuing to act as a debt collection agency without a license.

   f. Whether the defendant should be ordered to disgorge money that it has wrongfully collected as a debt collection agency when it was not licensed to act as a debt collection

7

agency.

44. The only individual questions concern the identification of class members and who are entitled to any funds that the Defendant is ordered to disgorge as the fruit of its unlawful activities or share in any statutory or other damages permitted by law. This information can be determined by a ministerial examination of public records in various court houses or from the Defendant's business records or other sources, which are admissible as an exception to the hearsay rule and as an admission by a party.

45. Plaintiffs' claims are typical of the claims of the class members.

46. Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action. Each are similarly situated with, and have suffered similar injuries as, the members of the class they seek to represent. Each feel that they have been wronged, wish to obtain redress of the wrong, and wants Defendant stopped from perpetrating similar wrongs on others.

47. To that end, Plaintiffs have retained counsel experienced in handling class action suits involving unfair or deceptive business practices that harm consumers.

48. Neither the named Plaintiffs nor their counsel have any adverse interest which might cause them not to vigorously pursue this action.

49. Defendant, by acting as a debt collection agency without a license, has acted on grounds generally applicable to the class.

COUNT I

*Class Declaratory Judgment and Injunctive Relief*

8

50. Plaintiffs incorporate the foregoing allegations.

51. Plaintiffs seek a declaration on their behalf and on behalf of the class that the Defendant has acted unlawfully by acting as a debt collection agency in the State of Maryland.

52. Defendant should be enjoined from continuing to act as a debt collection agency in the State of Maryland.

53. Defendant should be ordered to disgorge all amounts that it has obtained while acting illegally as a debt collection agency without a license.

>WHEREFORE, Plaintiffs and Class Members pray that this court:
>
>a. Certify this case as a class action with the named plaintiffs as class representatives and their attorneys as counsel on behalf of the class described herein;
>
>b. Order appropriate injunctive relief to prevent further violations of law, including a preliminary and permanent injunction;
>
>c. Order the defendant to disgorge all amounts collected from the class while the defendant acted as a debt collection agency without a license;
>
>d. Award reasonable attorney's fees, litigation expenses and costs;
>
>e. Order appropriate declaratory relief; and
>
>f. Provide such other or further relief as the Court deems appropriate.

## COUNT II

*** Class Claim for Violation of the MCDCA ***

54. Plaintiffs incorporate the foregoing allegations.

55. Defendant has acted as a debt collector when it is not licensed to do so.

56. Defendant has filed and participated in lawsuits against Plaintiffs and other class members seeking to recover debts without a license to do so.

57. The actions as a debt collector when it is not licensed to take such actions violates MD. ANN. CODE, COM. LAW § 14-202(8) which prohibits a debt collector from making any "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

58. Defendant's initiation and participation in lawsuits on debts that are not legally enforceable also violates § 14-202(8).

59. The lawsuits initiated and participated in by Defendant against the Named Plaintiffs and class members concerned "real or personal property, services, money, or credit for personal, family, or household purposes." MD. ANN CODE, COMM. LAW § 201(b).

60. The defendant's actions violate the MDCPA and Plaintiffs have been damaged as described in ¶ 26 above.

61. The Plaintiffs and other class members have been damaged by the Defendant's actions.

   WHEREFORE, Plaintiffs and Class Members pray that this court:

   a. Certify this case as a class action with the named plaintiffs as class representatives and their attorneys as counsel on behalf of the class described herein;

   b. Grant a money judgment in favor of the Plaintiffs and the Class for violations of the MCDCA in such amount as to be determined at trial and for purposes of a sum certain, subject to further discovery as to the size of the class, the amount sought on behalf of the class is $10,000,000.00;

   c. Award reasonable attorney's fees, litigation expenses and costs;

10

    d. Provide such other or further relief as the Court deems appropriate.

COUNT III

*Class Claim for Violation of the Maryland Consumer Protection Act ("MCPA")*

62. Plaintiffs incorporate the foregoing allegations

63. The Defendant's violations of the MCDCA constitutes a violation of the Maryland Consumer Protection Act pursuant to Md. Ann. Code, Com. Law § 13-301(14)(iii).

64. The defendant's acts that violate the FDCPA constitute an unfair or deceptive trade practices.

65. The Plaintiffs and class members have been damaged by the Defendant's unfair or deceptive trade practices as described in ¶ 26 above.

    WHEREFORE, Plaintiffs and Class Members pray that this court:

    a. Certify this case as a class action with the named plaintiffs as class representatives and their attorneys as counsel on behalf of the class described herein;

    b. Grant a money judgment in favor of the Plaintiffs and the Class for violations of the MCDCA in such amount as to be determined at trial and for purposes of a sum certain, subject to further discovery as to the size of the class, the amount sought on behalf of the class is $10,000,000.00;

    c. Award reasonable attorney's fees, litigation expenses and costs;

    d. Provide such other or further relief as the Court deems appropriate.

**Count IV**

### *Sub Class Claim under the FDCPA*

66. Plaintiffs incorporate the foregoing allegations.

67. Defendant failed to comply with the notice requirements under 15 U.S.C. § 1692g in its contact with the Plaintiffs and class members.

68. Defendant has sent materials to consumers that failed to include the notice required by 15 U.S.C. Section 1692e (11).

69. The Defendant has violated the FDCPA by acting as a debt collector when it does not hold a license to do so in violation of 15 U.S.C. Section 1692e (5) and other provisions.

70. The practice of operating illegally without a mandatory license is an unfair or deceptive practice in violation of 15 U.S.C. § 1692f.

71. The FDCPA provides for statutory damages.

72. The Plaintiffs and Class are entitled to statutory damages from the Defendant.

WHEREFORE, plaintiffs pray that the Court enter judgment against the Defendant for the following:

a. Certify this case as a class action with this subclass with the named plaintiffs as class representatives and their attorneys as counsel on behalf of the subclass described herein;

b. Statutory damages in the amounts allowed by the FDCPA up to $500,000.00;

c. Award reasonable attorney's fees, litigation expenses and costs;

d. Provide such other or further relief as the Court deems appropriate.

Respectfully Submitted,


/s/ Scott C. Borison\_\_\_
Scott C. Borison, Esq. (Bar No. 22576)
Phillip R. Robinson, Esq., Of Counsel
(Bar No. 27824)
Legg Law Firm, LLC.
5500 Buckeystown Pike
Frederick, Maryland 21703
(301) 620-1016; Fax: (301) 620-1018

Douglas B. Bowman (Bar No. 8693)
PO Box 503
Middletown MD 21769
(240) 566-6050

Peter A. Holland (Bar No. 10866)
Michael G. Morin (Bar No. 15539)
THE HOLLAND LAW FIRM, P.C.
Clock Tower Place
1410 Forest Drive, Suite 21
Annapolis, Maryland 21403
(410) 280-6133

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on the Defendant's counsel when filed through the Court's CM/ECF system.

_____//s//_____
Phillip Robinson