IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JASON HAUK AND
FREDDY VELAZQUEZ

       Plaintiffs

v.

LVNV FUNDING, LLC

       Defendant

CIVIL ACTION NO.:  1:09-CV-03238-CCB

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

Your Defendant, LVNV Funding, LLC, by and through counsel, in answer to the Amended First Amended Complaint states as follows:

1.      Defendant denies the allegations in Paragraph 1 of the First Amended Complaint.

2.      Defendant denies the allegations in Paragraph 2 of the First Amended Complaint.

3.      The allegations in Paragraph 3 of the First Amended Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

4.      Defendant admits the allegations in Paragraph 4 of the First Amended Complaint.

5.      Defendant admits the allegations in Paragraph 5 of the First Amended Complaint.

6.      The allegations in Paragraph 6 of the First Amended Complaint have been dismissed by the Court and therefore no response is required.

7.      Defendant admits the allegations in Paragraph 7 of the First Amended Complaint.

8.      In answer to the allegations in Paragraph 8 of the First Amended Complaint, Defendant admits that Plaintiff Jason Hauk is a Maryland resident but is without sufficient information to admit or deny the remaining allegations set forth therein.

9.      In answer to the allegations in Paragraph 9 of the First Amended Complaint, Defendant admits that Plaintiff Freddy Velazquez is a Maryland resident but is without sufficient information to admit or deny the remaining allegations set forth therein.

10.     In answer to the allegations in Paragraph 10 of the First Amended Complaint, Defendant admits that it is a Delaware limited liability company and that it regularly collects consumer debts.  It denies all remaining allegations set forth therein.

11.     In answer to the allegations in Paragraph 11 of the First Amended Complaint, Defendant denies those assertions as of the date that this answer is filed.

12.     Defendant admits the allegations in Paragraph 12 of the First Amended Complaint as to instances when it collects consumer debts but is without sufficient information to admit or deny that the debts incurred by the Plaintiffs were consumer debts.

13.     Defendant admits the allegations in Paragraph 13 of the First Amended Complaint as to instances when it collects consumer debts but is without sufficient information to admit or deny that the debts incurred by the Plaintiffs were consumer debts.

14.     In answer to the allegations in Paragraph 14 of the First Amended Complaint, Defendant admits that it filed the lawsuit alleged therein but is without sufficient information as to whether the obligation arose from a consumer debt.

15.     In answer to the allegations in Paragraph 15 of the First Amended Complaint, Defendant is without sufficient information to admit or deny that the obligation was a consumer debt.

16.     Defendant admits the allegations in Paragraph 16 of the First Amended Complaint.

17.     Defendant denies the allegations in Paragraph 17 of the First Amended Complaint.

18. In answer to the allegations in Paragraph 18 of the First Amended Complaint, Defendant avers that it engaged in no communications with the Plaintiff Hauk but instead those communications were from its attorneys. Defendant further avers that its attorney/agent provided the disclosure provided by the Fair Debt Collection Practices Act.

19. In answer to the allegations in Paragraph 19 of the First Amended Complaint, Defendant denies that it served Interrogatories on Plaintiff Hauk.

20. In answer to the allegations in Paragraph 20 of the First Amended Complaint, Defendant lacks specific knowledge as to the state court trial but, in further answer to the First Amended Complaint, admits that the state court docket entries may be accepted as judicial notice of the outcome of that proceeding.

21. In answer to the allegations in Paragraph 21 of the First Amended Complaint, Defendant admits that it filed the lawsuit alleged therein but is without sufficient information as to whether the obligation arose from a consumer debt.

22. In answer to the allegations in Paragraph 22 of the First Amended Complaint, Defendant admits that it filed the lawsuit alleged therein but is without sufficient information as to whether the obligation arose from a consumer debt.

23. Defendant admits the allegations in Paragraph 23 of the First Amended Complaint.

24. Defendant denies the allegations in Paragraph 24 of the First Amended Complaint.

25. In answer to the allegations in Paragraph 25 of the First Amended Complaint, Defendant avers that the contents of the state court docket may be accepted as judicial notice of the outcome of that litigation.

26. Defendant denies the allegations in Paragraph 26 of the First Amended Complaint.

27.    The allegations in Paragraph 27 of the First Amended Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

28.    The allegations in Paragraph 28 of the First Amended Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

29.    In answer to the allegations in Paragraph 29 of the First Amended Complaint, Defendant admits that during certain relevant periods it was not licensed as a collection agency by the State of Maryland but further avers that it has now obtained such license.

30.    Defendant denies the allegations in Paragraph 30 of the First Amended Complaint.

31.    Defendant denies the allegations in Paragraph 31 of the First Amended Complaint.

32.    Defendant denies the allegations in Paragraph 32 of the First Amended Complaint.

33.    Defendant denies the allegations in Paragraph 33 of the First Amended Complaint.

34.    Defendant denies the allegations in Paragraph 34 of the First Amended Complaint.

35.    Defendant denies the allegations in Paragraph 35 of the First Amended Complaint.

36.    Defendant denies the allegations in Paragraph 36 of the First Amended Complaint.

37.    In answer to the allegations in Paragraph 37 of the First Amended Complaint, Defendant admits that Plaintiff has brought this lawsuit as a class action but denies that they are entitled to proceed on that basis.

38.    In answer to the allegations in Paragraph 38 of the First Amended Complaint, Defendant admits that Plaintiff has brought this lawsuit as a class action but denies that they are entitled to proceed on that basis.

39.    Defendant is without sufficient information to admit or deny the allegations relating to Plaintiffs' estimate as to the number of individuals included in the class.

40.    In answer to the allegations in Paragraph 40 of the First Amended Complaint, Defendant admits that Plaintiff has brought this lawsuit as a class action but denies that they are entitled to proceed on that basis.

41.    Defendant is without sufficient information to admit or deny the allegations relating to Plaintiffs' estimate as to the number of individuals included in the class.

42.    In answer to the allegations in Paragraph 42 of the First Amended Complaint, Defendant admits that Plaintiff has brought this lawsuit as a class action but denies that they are entitled to proceed on that basis.

43.    In answer to the allegations in Paragraph 43 of the First Amended Complaint, Defendant admits that Plaintiff has brought this lawsuit as a class action but denies that they are entitled to proceed on that basis.

44.    In answer to the allegations in Paragraph 44 of the First Amended Complaint, Defendant admits that Plaintiff has brought this lawsuit as a class action but denies that they are entitled to proceed on that basis.

45.    In answer to the allegations in Paragraph 45 of the First Amended Complaint, Defendant admits that Plaintiff has brought this lawsuit as a class action but denies that they are entitled to proceed on that basis.

46.    In answer to the allegations in Paragraph 46 of the First Amended Complaint, Defendant admits that Plaintiff has brought this lawsuit as a class action but denies that they are entitled to proceed on that basis.

47.     In answer to the allegations in Paragraph 47 of the First Amended Complaint, Defendant is without sufficient information to admit or deny the qualifications of Plaintiffs' counsel.

48.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 48 of the First Amended Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the First Amended Complaint.

50.     In answer to the allegations in Paragraph 50 of the First Amended Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

51.     The allegations in Paragraph 51 of the First Amended Complaint have been dismissed by this Court and therefore no response is required.

52.     The allegations in Paragraph 52 of the First Amended Complaint have been dismissed by this Court and therefore no response is required.

53.     The allegations in Paragraph 53 of the First Amended Complaint have been dismissed by this Court and therefore no response is required.

54.     In answer to the allegations in Paragraph 54 of the First Amended Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

55.     Defendant denies the allegations in Paragraph 55 of the First Amended Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the First Amended Complaint.

57.     The allegations in Paragraph 57 of the First Amended Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

58.     Defendant denies the allegations in Paragraph 58 of the First Amended Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the First Amended Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the First Amended Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the First Amended Complaint.

62.     In answer to the allegations in Paragraph 62 of the First Amended Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

63.     Defendant denies the allegations in Paragraph 63 of the First Amended Complaint.

64.     Defendant denies the allegations in Paragraph 64 of the First Amended Complaint.

65.     Defendant denies the allegations in Paragraph 65 of the First Amended Complaint.

66.     In answer to the allegations in Paragraph 66 of the First Amended Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

67.     Defendant denies the allegations in Paragraph 67 of the First Amended Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the First Amended Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the First Amended Complaint.

70.     Defendant denies the allegations in Paragraph 70 of the First Amended Complaint.

71.     The allegations in Paragraph 71 of the First Amended Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

72.     Defendant denies the allegations in Paragraph 72 of the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint fails to set forth a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the application of the Commerce Clause of the United States Constitution, which preclude a state from requiring a foreign corporation from obtaining a business license in order to seek redress in that state's courts.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs can establish Defendant committed any violation of the Fair Debt Collection Practices Act, Defendants are excused from liability because any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error including, but not limited to reliance upon legal advice and/or written statements of the state agency charged with enforcement of Maryland's Collection Agency Licensing Law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs cannot pursue a claim for damages based upon attorney fees incurred in defending a civil lawsuit in the State of Maryland.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover attorney fees for any violation of the Maryland Consumer Debt Collection Act.

WHEREFORE, having fully answered the First Amended Complaint, Defendant asks that it be dismissed, with prejudice, and that Plaintiff be required to pay all of its costs and expenses.

THE LAW OFFICES OF RONALD S. CANTER, LLC


/s/ Ronald S. Canter
Ronald S. Canter, Esquire
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
Telephone:  301-770-7490
Facsimile:  301-770-7493
E-Mail:  rcanter@roncanterllc.com
Attorney for Defendant


## CERTIFICATE OF SERVICE

The  undersigned does hereby certify that a true and correct copy of the foregoing was

served upon the individual listed below by Electronic Notification on this 12th day of November,

2010 to:

Scott C. Borison, Esquire
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, MD  21703
Attorney for Plaintiffs


/s/ Ronald S. Canter
Ronald S. Canter, Esquire
Attorney for Defendant