IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JASON HAUK & FREDDY VELAZQUEZ** )<br>*on behalf of themselves* )<br>*and others similarly situated,* )<br>　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　)<br>　　　v. )<br>　　　　　　　　　　　　　　　　　)<br>**LVNV FUNDING LLC,** )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　Defendant. ) | Case No.  1:09-cv-03238-CCB |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPORT OF**
**ATTORNEY'S FEES AND COSTS**

Plaintiffs and their Counsel, Scott Borison, and Phillip Robinson of LEGG LAW FIRM, LLC, Peter A. Holland of the HOLLAND LAW FIRM, LLC, and Douglas Bowman, file this memorandum in support of the award of Attorney's Fees and Costs to Class Counsel.

The Plaintiffs seek approval of an attorney fee award in an amount that the Defendant agreed to pay as one part of a settlement of this case on a class basis. The Defendant would have no reason to agree to pay any amount for attorneys' fees that was either excessive or unreasonable unless the defendant was colluding with Plaintiffs' counsel to obtain a result that resulted in a settlement that was unfair, unreasonable or inadequate in regards to other terms of the settlement.

The Court has reviewed the terms of the settlement that was reached by the parties and found it to be adequate, fair and reasonable. Further, there was no finding of collusion between the parties. All of the terms of the settlement were reached between the parties

1

through a settlement conference conducted by Magistrate Judge Gesner. It is respectfully submitted that the settlement was more than fair, adequate and reasonable because (i) it provided for relief that may not have been obtainable by the class but through this matter and (ii) the settlement is monetarily is far superior to the limited damages available for monetary damages. Specifically, the average monetary award for class members would have been a maximum $143 per class member, but instead the settlement relieves the class members of an average claim of over $2,800 – an almost twentyfold advantage. And this relief is all without any cost or expense to any class member because the settlement provides for direct payment of the costs, including attorneys' fees, by the Defendant.

Alternatively, on a class basis, if the Plaintiffs had settled for the $500,000 statutory maximum of FDCPA damages, their counsel may have been entitled to a 33 1/3rd contingency fee of $166,666.66.

The court has directed Plaintiffs' counsel to provide a lodestar fee analysis as cross check of the fees agreed to be paid by the Defendant in addition to the relief provided to the class. A lodestar analysis involves the calculation of the number of hours expended multiplied by a reasonable hourly rate. The following time was spent by the Plaintiffs' counsel in this case:

| ATTORNEY | HOURS | REFERENCED EXHIBIT | YEARS EXPERIENCE |
|---|---|---|---|
| Scott C. Borison | 57.35 | 1 | 24 |
| Phillip R. Robinson | 110.6 | 2 | 11 |
| Lauren Stone (Paralegal for | 13 | 2 | 2 |

| ATTORNEY | HOURS | REFERENCED EXHIBIT | YEARS EXPERIENCE |
|---|---:|---:|---:|
| Phillip Robinson) | | | |
| Peter A. Holland | 30.0 | 3 | 19 |
| Douglas B. Bowman | 39.4 | 2 | 28 |
| Michael Morin1 | 70.7 | 4 | 11 |
| TOTAL ATTORNEY HOURS | 308.05 | | |

The support for the above hours are set forth in the respective exhibits. The time of Michael G. Morin is included although he is no longer counsel of record.

Appendix B to the Local Rules provides guidance on "cases in which a prevailing party would be entitled, by applicable law or contract, to reasonable attorneys fees based on a set of criteria including hours and rates" but "[t]hey do not apply to cases in which statutes or contracts authorize fees based on a percentage or other formula." Appx B, FN 1. The hourly rates in Appx B set guidelines but do not establish set rates. *Id.* at FN. 6.

The hourly rate under the guidelines for most of the attorneys is a range of $275-$400 per hour. However, as reflected in the Class Counsel's declaration previously filed with the Court, Robinson's and Morin's experience in matters such as this one is substantial. It is respectfully submitted that the higher end of the range is appropriate here for each of the attorneys in this case when the 12 factor test applicable to fee awards (as adopted by this circuit) from the Supreme Court decision in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974). These factors are discussed below:

3

*(1) the time and labor required in the case:*

This case involved 321 of attorney hours as set forth above. Many additional hours were avoided by the ability of the Plaintiffs' counsel to negotiate an early settlement for the class.

*(2) the novelty and difficulty of the questions presented:*

The case involved various consumer protection statutes and claims that raised novel issues relating to the impact of licensing on statutory claims. The claims were more than garden variety types of statutory claims presented to the Court.

*(3) the skill required to perform the necessary legal services:*

Since the claims were complex, the skill required was substantially greater than many cases.

*(4) the preclusion of other employment by the lawyer due to acceptance of the case:*

Pursuit of a class action is time consuming and the case itself ends up needing constant attention and timely responses to issues that arise during the course of the case. This case was no different.

*(5) the customary fee for similar work:*

The amount of the fee sought is consistent with other contingent fee arrangements.

*(6) the contingency of a fee:*

This fee was contingent.

*(7) the time pressures imposed in the case:*

---

1 Mr. Morin was previously counsel for the Plaintiffs devoted time and effort in the case. As explained in his affidavit, Exhibit 5, he withdrew due to health reasons.

Not a substantial factor here since Plaintiffs' counsel worked to reduce duplicative efforts at different parts of the litigation.

*(8) the award involved and the results obtained:*

As set forth above, the results obtained for the class were substantial. Average claims of $2,800 were dismissed; the Defendant promised not to collect or sell these accounts, and also promised to make reasonable efforts to delete the associated tradeline from class members' credit reports. All of these benefits at no cost to the class members.

*(9) the experience, reputation, and ability of the lawyer:*

Each of the Plaintiffs' counsel have substantial experience and ability in the claims involved in this case. Plaintiffs' counsel submits that they all enjoy good reputations amongst the bar.

*(10) the "undesirability" of the case:*

Not a substantial factor here, however, the contingency nature and novelty of the claims would deter many attorneys from taking the case.

*(11) the nature and length of the professional relationship between the lawyer:*

This is a factor before the case was filed. The plaintiffs had been represented in individual cases.

*(12) the fee awards made in similar cases:*

As the cases cited herein demonstrate, the fee sought by Plaintiffs is similar to fees awarded in other cases. In a consumer case, the Defendant agreed to pay $650/hour for the time spent by Borison and Holland on a class case – which amounts were approved by the court. See *Miller v. Prestige Financial Services, Inc.*, Case No. 09-cv-1671-BEL. In a similar case, where the relief obtained for the class was less than that obtained for this class, the

court awarded a fee of $130,000. See *Johnson v. Midland Funding*, Case No. 09-02391-RDB.

Based on the foregoing analysis, the requested fee of $150,000 divided by 308 hours comes is an hourly rate of $487. Weighing the Johnson factors, and using lodestar as a cross check, it is respectfully submitted that the fee the Defendant agreed to pay is reasonable and appropriate.

                                        Respectfully submitted,
\_\_\_\_\_/s/_____
SCOTT C. BORISON (Bar No. 22576)
PHILLIP R. ROBINSON (Bar No. 27824)
Of Counsel
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016
FAX: (301)620-1018
borison@legglaw.com

PETER A. HOLLAND (Bar No. 10866)
The Holland Law Firm, P.C.
PO Box 6268
Annapolis, Maryland 21401
(410) 280-6133
FAX: (410) 280-8650
peter@hollandlawfirm.com

Douglas B. Bowman (Bar No. 8693)
PO Box 503
Middletown MD 21769
(240) 566-6050
FAX: (301) 371-8781
dbblawyer21701@aol.com
*Attorneys for the Plaintiffs and Class*

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on the Defendant's counsel through the Court's electronic case filing system when it was filed with the Court on September 13, 2011.

_/s/_____
Scott C. Borison